UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STONEBRIDGE LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:10-CV-1231 (CEJ)<br>) |
| NANETTE LITHERLAND, et al., | )<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This interpleader action is before the Court on the motion of defendants Letha Braga and Jay Wade to strike the pleadings of defendant Nanette Litherland. Defendant Litherland has not filed a response to the motion and the time allowed for doing so has expired.

### I. **Background**

Stonebridge Life Insurance Company initiated this action to determine who is entitled to receive the proceeds of three policies insuring the life of Jerry B. Litherland. The policies were purchased by defendant Nanette Litherland between April 2006 and March 2009, and have a face value of $220,000.00. On November 8, 2009, Mr. Litherland was shot to death. Nanette Litherland has been charged in connection with his death; the trial on the criminal charges is scheduled for August 6, 2012. Under Missouri law, Litherland is precluded from receiving the insurance funds if she participated in his killing. See Home Ins. Co. v. Butler, 514 S.W.2d 66, 68 (Mo. Ct.

App. 1996). The other potential claimants to the proceeds are Benjamin W. Buhler, M.L. (a minor), Jay Wade, and Letha Braga.[1]

After Wade and Braga served a notice of deposition on Litherland, she filed a motion to quash, stating that she intended to invoke her Fifth Amendment privilege against self-incrimination. The Court denied the motion to quash (see Doc. # 54), and the deposition proceeded as scheduled on August 10, 2011. At the outset of the deposition, Litherland renewed her objection. Counsel for Wade and Braga then asked Litherland a series of questions designed to discover information relevant to her assertion that she has a right to the insurance proceeds. They inquired about Litherland's alleged involvement with the person who shot the decedent, her financial condition at the time of her husband's death, and her activities around the time of his death. Litherland invoked her Fifth Amendment privilege in response to every question asked of her.

## II. Discussion

In this diversity action, the Court applies Missouri law to determine the effect of Litherland's assertion of the Fifth Amendment privilege against self-incrimination on her claim for relief. See Medical Protective Co. v. Bubenik, 2007 WL 1531127, at *1 n.1 (E.D. Mo. July 3, 2007) (motion to strike defendant's answer raised substantive question governed by Missouri law). Under Missouri law, a party who asserts the Fifth Amendment privilege against self-incrimination is not entitled to affirmative relief for herself against other parties. *In re* Marriage of Fellers, 789 S.W.2d 153, 155 (Mo. Ct. App. 1990) (citing Geldback Transport, Inc. v. Delay, 443 S.W.2d 120, 121 (Mo. 1969); Satterfield v. Satterfield, 635 S.W.2d 80, 81 (Mo. Ct. App. 1982); Sparks v.

---

[1]On July 28, 2010, Stonebridge deposited $230,197.00 into the registry of the Court. Stonebridge was discharged on February 23, 2011.

Sparks, 768 S.W.2d 563, 566 (Mo. Ct. App. 1989)). "This is not to imply that a party cannot assert the privilege in a civil proceeding, however, such an assertion is not without consequences. The sound purpose behind this rule is to promote fairness and ensure that a civil plaintiff is not able to obtain relief from a party and, at the same time, conceal from him relevant evidence." Id. See also Dodson v. Dodson, 855 S.W.2d 383, 385 (Mo. Ct. App. 1993) ("Although a party has the right to take the Fifth Amendment against self incrimination in a civil case, the right is not without its price."). The Missouri Supreme Court has held that a party's refusal to provide "relevant and material facts peculiarly and exclusively within the knowledge of the party" justifies striking his pleadings. Franklin v. Franklin, 283 S.W.2d 483, 447 (1955). This remedy is not available against a party who appears solely as a defendant. See Pulliam v. Swink, 524 S.W.2d 559 (Mo. 1974) ("[Defendant in wrongful death case] has sought no affirmative relief; he is in court involuntarily. The court will exceed its jurisdiction if it . . . strike[s] defendant's answer on the basis of his assertion of his constitutional privilege.") However, a court may strike the pleadings of a party who, although nominally a defendant, seeks affirmative relief. See Geldback Transport, inc. v. Delay, 443 S.W.2d 120 (Mo. 1969) (affirming dismissal of defendant's cross-claim where defendant invoked Fifth Amendment and refused to answer interrogatories).

Such is the case here. Plaintiff Stonebridge Life Insurance Company has been discharged from the case; each remaining party, including Lutherland, asserts a competing claim to the insurance proceeds and occupies an adversary position with respect to the others. 7 Charles Alan Wright et al., Federal Practice and Procedure § 1714 (3d ed. 1998). Litherland was within her rights to assert her Fifth Amendment

privilege against self-incrimination, but it comes at the cost of her ability to pursue her claim for the insurance proceeds in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to strike pleadings [Doc. #55] is **granted**.

**IT IS FURTHER ORDERED** that Nanette S. Litherland's answer [Doc. #19] is stricken from the record in this case.

**IT IS FURTHER ORDERED** that default is entered against defendant Nanette S. Litherland.

**IT IS FURTHER ORDERED** that defendants Jay Wade and Letha Braga shall have until **November 19, 2011**, to file a motion for default judgment against defendant Nanette S. Litherland.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2011.